**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL ANGEL GARIBAY,

Defendant - Appellant.

No. 11-50378

D.C. No. 3:10-cr-02690-MMA-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted December 5, 2012[**]
Pasadena, California

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

Miguel Angel Garibay appeals his conviction following a conditional guilty

plea to charges related to possession of methamphetamine with the intent to

distribute, in violation of 21 U.S.C. § 841.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The Border Patrol Agents' decision to detain Garibay was supported by reasonable suspicion to believe that Garibay was engaged in criminal activity. *See United States v. Arvizu*, 534 U.S. 266 (2002). Agent Ballow, whom the district court found credible, testified that he relied on the following factors in deciding to approach and stop Garibay: (1) the presence of Garibay's vehicle in an area known for drug smuggling, near the border, and at a gas station located at the last exit before a Border Patrol checkpoint; (2) the vehicle's clean and empty appearance, with Mexican license plates; (3) the information from the records check, which included numerous instances of the vehicle entering the United States and being sent to secondary inspection, and at least once due to the nervous behavior of its driver; (4) Garibay's attempt to pay for an energy drink with a $100 bill and not possessing any smaller bills; (5) Garibay's answer of "no" to the question of whether Garibay or the car had entered the United States recently; and (6) the inconsistency between Garibay's name and the name of the individual who had driven the vehicle across the border hours earlier. These factors gave rise to a reasonable suspicion to detain Garibay. *United States v. Berber-Tinoco*, 510 F.3d 1083, 1087 (9th Cir. 2007).

Further, Garibay's 23 minute detention was not impermissibly long. The Agents acted sufficiently diligently in searching Garibay's vehicle to comply with

2

the Fourth Amendment. *See United States v. Villasenor*, 608 F.3d 467 (9th Cir. 2010) (45 minute wait for drug detection dog acceptable).

Finally, Garibay's detention did not ripen into an arrest. Garibay was detained for a short period of time and was free to sit in or stand by the car throughout the detention. *See United States v. Rousseau*, 257 F.3d 925, 929 (9th Cir. 2001) (evaluating length and intrusiveness of stop to determine whether it has ripened into an arrest). We note that Garibay does not challenge the search of his vehicle.

**AFFIRMED.**